UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ENRIQUE GAVILANES-CURIEL,<br><br>Petitioner,<br><br>v.<br><br>GREGORY J. ARCHAMBEAULT, et al.,<br><br>Respondents. | Case No.: 21cv1471-CAB-WVG<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. SECTION 2241** |

On August 17, 2021, Petitioner David Enrique Gavilanes-Curiel filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, requesting that the Court order the immediate release of Petitioner from the custody of Immigration and Customs Enforcement ("ICE") on the ground that continued detention of Petitioner under current conditions violates the Due Process Clause of the Fifth Amendment. [Doc. No. 1.] On September 8, 2021, Respondents filed a return to the petition. [Doc. No. 5.] No reply has been filed. Having reviewed the petition and the return, the petition is **DENIED**.

DISCUSSION

Petitioner seeks release from ICE custody for violation of his Fifth Amendment rights. He alleges that the Imperial Regional Detention Facility (IRDF) is placing him at extraordinary and unreasonable risk of contracting COVID-19 and that he is medically

vulnerable due to his obesity. He has not been released pending his removal proceedings because he has been deemed to pose a threat to public safety due to his criminal history, which includes an aggravated felony. [Doc. No. 5-1 at 2, 6-12, 15-17, 27-28, 30, 32-33.]

To succeed on a habeas petition, a petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. Due process imposes a duty on the government "to assume some responsibility for [the] safety and general well-being" of persons it takes into its custody. *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 199-200 (1989) (citation omitted). The government can consequently be held liable for a due process violation where a government official affirmatively places individuals, with deliberate indifference to their health or safety, in a position of known danger "which he or she would not have otherwise faced." *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1061 (9th Cir. 2006) (*citing DeShaney*, 489 U.S. at 197, 201). A plaintiff in custody must show that government officials acted in an objectively unreasonable manner that "put the plaintiff at substantial risk of suffering serious harm...." *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016). The Supreme Court has held that prison officials cannot "ignore a condition of confinement that is sure or very likely to cause serious illness and needless suffering the next week or month or year." *Helling v. McKinney*, 509 U.S. 25, 33 (1993) (*citation omitted*).

Here, Petitioner has not shown that conditions at IRDF are unconstitutional, primarily because he was vaccinated on March 30, 2021. [Doc. No. 5-1 at 35.] Courts are consistently refusing to grant release from custody to inmates or detainees who have been vaccinated. *See e.g. United States v. Ochoa-Alapisco*, No. 14-cr-378-ADM-LIB-2, 2021 WL 2322680, at *3 (D. Minn. June 7, 2021) (denying compassionate release because "any risk...has been substantially reduced because [defendant] is likely now fully vaccinated" which "provides him with significant protection against severe illness or death from COVID-19 should he become reinfected"); *United States v. Willis*, No. 3:15-cr-00465-BR, 2021 WL 2179256, *3-4 (D. Or. May 27, 2021) (concluding that federal

prisoners who have been fully vaccinated but suffer from chronic medical conditions that would put them at serious risk of severe illness from COVID-19 do not satisfy the extraordinary and compelling standard for compassionate release) (*citing cases*); *United States v. Smith*, No. 2:98-cr-00009-KJM-CKD, 2021 WL 1890770, at *3 (E.D. Cal. May 11, 2021) ("Although no federal court of appeal appears to have considered the question, district courts across the country, including within this Circuit, have held almost uniformly that a defendant's vaccination undercuts any claims of 'extraordinary and compelling reasons' based on a high risk of infection."); *United States v. Kariblghossian*, No. 2:13-cr-00318-CAS-1, 2021 WL 1200181, at *3 (C.D. Cal. Mar. 29, 2021) (finding no extraordinary and compelling reasons for compassionate release where defendant has been fully vaccinated); *United States v. Grummer*, No. 08-cr-4402-DMS, 2021 WL 568782, at *2 (S.D. Cal. Feb. 16, 2021) ("Although Defendant suffers from several chronic medical conditions, his vaccination significantly mitigates the risk that he will contract COVID-19. Other courts to address the issue have reached similar conclusions."); *United States v. Ballenger*, No. 3:16-cr-5535-BHS, 2021 WL 308814, at *5 (W.D. Wash. Jan. 29, 2021) ("[B]ecause [defendant] has already been infected and vaccinated, his chronic medical conditions alone do not amount to an extraordinary and compelling reason to warrant compassionate release.").

Finally, Petitioner's various allegations about conditions at IRDF are not persuasive. On July 22, 2020, Judge Sabraw (in denying a motion for preliminary injunction brought on behalf of detainees) reviewed the conditions inside IRDF and noted that IRDF has implemented heightened protocols for detainee safety including testing and quarantining at intake, has significantly reduced its occupancy, and has released several dozen detainees classified as being at "high risk" for severe complications of COVID-19. *Alacantara v. Archambeault*, No. 20cv756-DMS-AHG, 2020 WL 4201665, at *1-2 (S.D. Cal., July 22, 2020).  Since then, IRDF has made vaccinations available facility-wide. [Doc. No. 5 at 2.]  Due to these measures, Petitioner has failed to show that conditions at IRDF are unconstitutional, especially since Petitioner himself has been vaccinated.

## CONCLUSION

Respondents have not acted in an objectively unreasonable manner that "put[s] [Petitioner] at substantial risk of suffering serious harm...." *Castro*, 833 F.3d at 1071. The Court concludes that Petitioner's continued detention violates neither "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. Therefore, the petition is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 21, 2021

_____
Hon. Cathy Ann Bencivengo
United States District Judge